UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                            Case # 20-CV-6750-FPG

v.

                                                            DECISION AND ORDER

$6,663.00 UNITED STATES CURRENCY,

                                        Defendant.

## INTRODUCTION

Plaintiff, the United States of America, brought this *in rem* action for forfeiture of the above-listed property (the "Defendant property") seized from Jonathan Cruz-Vega. ECF No. 1. On July 26, 2021, the Clerk of Court filed an entry of default at Plaintiff's request. ECF Nos. 6, 7. Plaintiff now moves for a default judgment and order of forfeiture. ECF No. 8. For the reasons that follow, the motion is GRANTED.

## BACKGROUND

The following is taken from the complaint, unless otherwise noted. On April 30, 2020, federal task force officers involved in an ongoing drug trafficking investigation executed a search warrant at 195 Campbell Park in Rochester, NY. ECF No. 1 at 2. Three people were present at the residence during the search: Cruz-Vega, Ashley Garcia, and "a young child." *Id.* In total, $6,663 in U.S. currency was found in various areas of the home, along with what was suspected to be cocaine. *Id.* Neither Cruz-Vega nor Garcia was employed during this period. *Id.* Plaintiff alleges that, based on the investigation and "the experience and training of the law enforcement

1

officers involved," the Defendant property is traceable to the distribution or sale of controlled substances. *Id.* at 3.

The Drug Enforcement Administration initiated administrative forfeiture proceedings against the Defendant property. Plaintiff then filed this action after Garcia, acting *pro se*, filed a motion to halt the administrative proceedings and refer the matter to judicial forfeiture proceedings. *Id.* at 3. Garcia has not appeared in this action, however, and Plaintiff states that no other claims have been filed.

## DISCUSSION

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, the plaintiff must have secured an entry of default from the clerk, which requires a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend" itself in the action. Fed. R Civ. P. 55(a). Once the plaintiff has obtained an entry of default, and if his claim against the defendant is not "for a sum certain," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2). The clerk's entry of default does not mean that default judgment is automatically warranted. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). Instead, "the court may, on [the plaintiff's] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id.*

Plaintiff invokes 21 U.S.C. § 881(a)(6) as the basis for forfeiture of the Defendant property. ECF No. 1 at 1. Section 881 list a variety of property that is "subject to forfeiture to the United States," including "[a]ll moneys . . . furnished or intended to be furnished by any person in

exchange for a controlled substance," "all proceeds traceable to such an exchange," and "all moneys, . . . used or intended to be used to facilitate any violation of [federal drug laws]." 21 U.S.C. § 881(a)(6). "If the [g]overnment seeks forfeiture pursuant to 21 U.S.C. § 881(a)(6) on a theory that property constitutes proceeds traceable to an exchange for narcotics," it must show, by a preponderance of the evidence, "that those proceeds have a substantial connection to drug trafficking." *United States v. Approximately $447,420.00 in U.S. Currency*, No. 19-CV-3528, 2020 WL 821904, at *3-4 (E.D.N.Y. Feb. 3, 2020). "The [g]overnment need not prove that there is a substantial connection between the property and any specific drug transaction; however, the [g]overnment must prove more generally, based on totality of the circumstances, that the property is substantially connected to narcotics trafficking." *Id.* (internal quotation marks omitted).

In this case, Plaintiff has sufficiently pleaded that the Defendant property is subject to forfeiture. The Defendant property was seized from a home that was the subject of a drug trafficking investigation, suspected cocaine was found at the home along with the Defendant property, the Defendant property consists of a large amount of cash in small denominations, and money was hidden in several locations within the home, including in a television stand, a shoe box, and the child's bedroom closet. These allegations are sufficient to justify forfeiture. *See United States v. $22,173.00 in U.S. Currency*, 716 F. Supp. 2d 245, 250 (S.D.N.Y. 2010) (sufficient facts to demonstrate that money had a "substantial connection to drug trafficking," where complaint alleged "a search warrant for the Target Premises, the recovery of a large amount of cash found at the premises and in close proximity to the drugs and drug paraphernalia, and the packaging of the cash in small denominations consistent with drug trafficking").

In addition, Plaintiff has demonstrated that there is no claimant who may now assert an interest in the Defendant property. "Supplemental Federal Rule of Civil Procedure G governs

forfeiture actions." *United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017) (summary order). "Any 'person who asserts an interest' in the property that is the subject of a forfeiture action 'may contest the forfeiture by filing a claim in the court where the action is pending.'" *Id.* at 13 (quoting Fed. R. Civ. P. G(5)(a)(i)). "Filing the claim under Rule G(5) confers statutory standing," and "[a] person seeking to challenge forfeiture therefore lacks statutory standing if he or she has not filed a claim pursuant to Rule G(5)." *Id.* Here, Plaintiff sent direct notice of the proceeding to Garcia, in accordance with Rule G(4)(b)(i), and has published notice of the action on its official government forfeiture website, in accordance with Rule G(4)(a). Because neither Garcia nor anyone else has filed a claim or appeared in this action, no potential claimant can now challenge the forfeiture. *See United States v. One 2012 Toyota Venza XLE*, No. 19-CV-928, 2020 WL 7407749, at *2-3 (N.D.N.Y. Oct. 15, 2020); *United States v. Two Hundred and Eighty Thousand Dollars and Zero Cents, More or Less, in United States Currency*, No. 20-CV-4442, 2021 WL 2980540, at *4 (E.D.N.Y. July 14, 2021).

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for a default judgment and order of forfeiture (ECF No. 8) is GRANTED. It is hereby

**ORDERED, ADJUDGED AND DECREED** that this Judgment of Default be entered against the Defendant property; and it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Defendant property is hereby forfeited to Plaintiff pursuant to 21 U.S.C. § 881(a)(6); and it is further

**ORDERED, ADJUDGED AND DECREED** that the United States Marshals Service shall dispose of the Defendant property in accordance with law; and it is further

**ORDERED, ADJUDGED AND DECREED** that any claims to the Defendant property are hereby forever barred.

The Clerk of Court shall enter judgment and close the case.

IT IS SO ORDERED.

Dated: September 16, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court